[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This matter is before this court on an "APPLICATION FOR RECONSIDERATION" filed on February 29, 2000, by appellant, Melvin A. Rakowski. In his motion, appellant asks this court to reconsider our opinion of February 18, 2000, in light of the recent decision of the Ohio Supreme Court in Moore v. StateAutomobile Mut. Ins. Co. (2000), 88 Ohio St.3d 27. On March 14, 2000, appellee filed a memorandum in opposition to appellant's motion for reconsideration.
In Rakowski v. Cassel (Feb. 18, 2000), Lucas App. No. L-99-1135, unreported, this court, following our own precedent set in Moore v. State Automobile Mut. Ins. Co. (Oct. 8, 1998), Huron App. No. H-98-012, unreported, interpreted R.C.3937.18, as amended by Am.Sub.S.B. No. 20, to mean that an insurer is permitted to limit uninsured/underinsured motorist coverage to only those losses that result from bodily injury personally sustained by an insured. Accordingly, we found appellant's first assignment of error, which raised the issue of whether R.C. 3937.18(A) allowed such a limitation, not well-taken. On February 16, 2000, the Ohio Supreme Court reversed our decision in Moore, supra. In that case, the Supreme Court held:
 "R.C. 3937.18(A)(1), as amended by Am.Sub.S.B. No. 20, does not permit an insurer to limit uninsured motorist coverage in such a way that an insured must suffer bodily injury, sickness, or disease in order to recover damages from the insurer." Moore v. State Automobile Mut. Ins. Co. (2000), 88 Ohio St.3d 27, syllabus.
Upon consideration of the foregoing, this court finds that, regardless of whether the issue is coverage under R.C.3937.18(A)(1) or (A)(2), the policy underlying the Supreme Court's decision in Moore, supra, which was issued two days before our opinion in this case, requires the reversal of our disposition as to appellant's first assignment of error. Accordingly, appellant's motion for reconsideration is granted. Our judgment in Rakowski v. Cassel (Feb. 18, 2000), Lucas App. No. L-98-1135, unreported, is hereby reversed on the authority of Moore v. State Automobile Mut. Ins. Co.
(2000), 88 Ohio St.3d 27, syllabus, and this case is remanded to the trial court for proceedings consistent with this opinion. Court costs are assessed to appellee.
Melvin L. Resnick, J., James R. Sherck, J.,Richard W. Knepper, P.J., CONCUR.